UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK LATELL,

    Plaintiff,

v.                                             Case No: 2:13-cv-565-FtM-29CM

PETER C. TRIANO and
SANTANDER BANK, National
Association,

    Defendants.

## ORDER

This matter comes before the Court upon review of Defendants' Motion to Stay Discovery Pending Adjudication of Their Motions to Dismiss Plaintiff's Amended Complaint (Doc. 33) filed on January 21, 2014. Plaintiff, *pro se*, Frank Latell has failed to file a response and the time to do so has expired, although when contacted by Defendants regarding the Motion, Plaintiff objected to the relief requested. Doc. 33 at 6.

Defendants Peter C. Triano and Santander Bank, National Association, jointly request to stay discovery of this matter, citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1983), pending a ruling by the Court on their Motions to Dismiss (Docs. 27, 28), which assert lack of personal jurisdiction, lack of standing, failure to state a claim, and Florida's absolute litigation privilege. In *Chudasama*, the Eleventh Circuit noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be

resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* at 1367 (footnote omitted). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*; *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002). However, *Chadsuma* does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" *Id.* (citing *In re Winn Dixie Stores, Inc.*, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and internal quotation marks omitted).

Defendants argue that good cause exists to grant the stay because they have made a likely meritorious facial challenge to Plaintiff's Amended Complaint and if discovery goes forward, unnecessary costs will be incurred. In this case, the Court

2

previously dismissed Plaintiff's Complaint as an impermissible "shotgun pleading" and directed him to amend his complaint. Doc. 23. Defendants argue that Plaintiff's Amended Complaint (Doc. 24) still contain numerous pleading deficiencies and fails to state a claim.

Because there are pending motions challenging personal jurisdiction, standing, and the legal sufficiency of the amended complaint, the Court will stay discovery for a period of 90 days. Delaying discovery until the Court rules on whether it has jurisdiction and Plaintiff has stated a viable cause of action will cause Plaintiff little harm.

ACCORDINGLY, it is hereby

**ORDERED:**

(1) Defendants' Motion to Stay Discovery Pending Adjudication of Their Motion to Dismiss Plaintiff's Amended Complaint (Doc. 33) is **GRANTED in part**. All deadlines in the Case Management and Scheduling Order (Doc. 30), as well as disclosures and discovery, are **STAYED** for a period of 90 days from the date of this Order. The Clerk is directed to add a stay flag to the docket.

(2) Within ten days after the expiration of the 90-day period, if this matter is not resolved by the dispositive motions or the Court has not yet ruled on the motions, the parties are directed to file an amended case management report.

(3) Plaintiff's Motion to Compel Discovery (Doc. 35) is **DENIED as moot**. Plaintiff may re-file the Motion to Compel when and if discovery recommences in this case.

(4) Defendants' Restated Motion for Extension of Time to Respond to Discovery Requests (Doc. 37) is **DENIED as moot**.

(5) Defendants' Motion for Leave to Appear Telephonically at Mediation (Doc. 38) is **DENIED as moot** as the mediation deadline in this matter is stayed.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of February, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties