UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK LATELL, KATHLEEN LATELL, LATELL CROIX APARTMENTS, LTD, and LATELL PEPPERTREE APARTMENTS, LTD,

    Plaintiffs,

v.     Case No: 2:13-cv-565-FtM-29CM

PETER C. TRIANO, individually and in his capacity as senior vice President at Sovereign Bank and SANTANDER BANK, NATIONAL ASSOCIATION,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of Defendant Santander Bank National Association's Motion to Dismiss Second Amended Complaint (Doc. #52) and Defendant Peter C. Triano's Motion to Dismiss Second Amended Complaint (Doc. #53), both filed on July 16, 2014. Plaintiffs filed a Response (Docs. ##58, 59) on July 30, 2014. For the reasons set forth below, the motions are granted.

**I.**

Plaintiff Frank Latell initiated this action by filing a complaint against Sovereign Bank (Sovereign)[1] and Peter C. Triano (Triano). (Doc. #2.) The initial complaint was dismissed for pleading deficiencies (Doc. #23.) Plaintiff's First Amended Complaint (Doc. #24) was dismissed for lack of standing, but the Court granted leave to amend. (Doc. #44.) Plaintiff filed a Verified Second Amended Complaint (Second Amended Complaint) adding Kathleen Latell (Kathleen), Latell Croix Apartments, Ltd. (Croix Apts.) and Latell Peppertree Apartments, Ltd. (Peppertree Apts.) as plaintiffs. (Doc. #50.) The Court allowed the additional plaintiffs, but directed plaintiffs to file an Amended Supplement to the Verified Second Amended Complaint (Doc. #51) setting forth the citizenship of the new parties. Plaintiffs filed an Amended Supplement (Doc. #56) doing so.

The Second Amended Complaint, as supplemented, is now the operative pleading in this case. Plaintiffs allege claims for fraudulent misrepresentation against Sovereign (Count One), fraud in the inducement against Sovereign (Count Two), constructive fraud against Sovereign and Triano (Count Three), and civil

---

[1] This Court granted defendant's Motion to Substitute Party Defendant (Doc. #25) and replaced defendant Sovereign Bank with Santander Bank, National Association (Santander). (Doc. #29.)

conspiracy against Sovereign and Triano (Count Four). Federal jurisdiction is premised on diversity of citizenship. The underlying facts, as set forth in the Second Amended Complaint, are as follows:

Plaintiffs' claims arise out of the default and eventual foreclosure of two commercials loans made to Croix Apts. and Peppertree Apts., entities in which Frank and Kathleen Latell are general partners. (Doc. # 50, ¶¶ 4, 5, 9, 25.) The loans were held by the Federal National Mortgage Association (Fannie Mae) and serviced by Sovereign. (Id. at ¶¶ 9-10.) To secure these loans, Fannie Mae owned and held promissory notes and mortgages taken by Peppertree Apts. and Croix Apts. which encumbered two apartment complexes in Lee County (the Apartment Complexes). (Id. at ¶ 9.)

According to the Second Amended Complaint, in April 2010, plaintiffs contacted Sovereign seeking modification of the loan agreements. (Id. at ¶ 14.) A representative of Sovereign advised plaintiffs that they would need to default on the Fannie Mae loans if they wanted a modification, since Sovereign would not consider a modification until they were in default, over 45 days past due. (Id. at ¶ 15.) Based on this information, plaintiffs purposefully defaulted on the Fannie Mae loans, and were placed in contact with Peter C. Triano (Triano), a senior vice president of Sovereign. (Id. at ¶ 16.)

Thereafter, plaintiffs' attempts to seek modification of the Fannie Mae loans went ignored by defendants for eight months. (Id. at ¶ 18.) After doing nothing for eight months, Triano advised plaintiffs to contact Fannie Mae's attorney. (Id. at ¶ 18.) Plaintiffs' agent subsequently contacted Lawrence P. Rochefort (Mr. Rochefort), Fannie Mae's attorney, who told the agent that Fannie Mae would prefer to modify the loans rather than prosecute costly foreclosures. (Id. at ¶ 22.) While Sovereign told plaintiffs that all decisions to modify loans were made by Fannie Mae, Fannie Mae advised plaintiffs the decision to modify or reinstate was up to Sovereign. (Id. at ¶¶ 23-24.)

State foreclosure actions were filed, and at a mediation Sovereign and Triano were unwilling to consider modification under any circumstances. (Id. at ¶ 26.) Ultimately, Fannie Mae obtained final judgments of foreclosure on the Apartment Complexes. (Id. at ¶ 29.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation

omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Claims of fraud are subject to stricter pleading rules. A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this standard, the plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiffs; and (4) what the defendants gained by the alleged fraud." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010). See also Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001).

### III.

Defendant Triano seeks dismissal because the Second Amended Complaint fails to establish a prima facie case of either general or specific personal jurisdiction under the Florida long-arm statute. (Doc. #53, p. 5-14.) Triano asserts that he is a New York resident with no presence in Florida. (Id.) In an affidavit, Triano admits making trips to Florida to conduct business on behalf of Sovereign, but otherwise has not conducted any personal business within the state. (Doc. #53-1, ¶ 12-17.) Triano thus asserts that the corporate shield doctrine precludes personal jurisdiction over him under the Florida long-arm statue. (Doc. #53, pp. 8-10.)

Plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). A prima facie case is established if plaintiff alleges enough facts to withstand a motion for directed verdict. SEC v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 1997)(citation omitted). "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" Mazer, 556 F.3d at 1274 (citations omitted). Plaintiff bears the ultimate burden of establishing that personal jurisdiction is present. Oldfield v. Pueblo de Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009). "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Mazer, 556 F.3d at 1274.

The Second Amended Complaint alleges that Triano resides in New York and that he has "substantial and continuing contacts with the State of Florida, both as an officer of Sovereign and in his individual capacity." (Doc. #50, ¶ 7.) The Second Amended

7

Complaint makes no factual allegations as to Triano's contacts with Florida in his individual capacity. Although the Second Amended Complaint fails to identify any portion of the Florida long-arm statute, plaintiffs' Response cites Florida's long-arm Statute Sections 48.193(1)(b) and 48.193(2) as the basis for their assertion of both specific and general jurisdiction over Triano. (Doc. #58, ¶¶ 3-4.) The Court finds that neither has been satisfied in this case.

### A. General Jurisdiction:

Florida's long-arm statute provides for the exercise of personal jurisdiction over "[a] defendant who is engaged in substantial and not isolated activity within this state . . . whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Florida courts have held this "substantial and not isolated activity" requirement to mean the "continuous and systematic general business contacts" standard sufficient to satisfy the due process requirement of minimum contacts for general jurisdiction, as set forth by the Supreme Court in Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408 (1984), such that "if the defendant's activities meet the requirements of section 48.193(2), minimum contacts is also satisfied." Woods v. Nova Companies Belize Ltd., 739 So. 2d 617, 620 (Fla. 4th DCA 1999). See Mazer, 556 F.3d at 1275 n.16.

Plaintiffs' allegations do not satisfy this standard for showing general personal jurisdiction. Neither the Second Amended Complaint nor plaintiffs' Response (Doc. #58) to the motion set forth facts which would support general personal jurisdiction in Florida. The Second Amended Complaint sets forth no facts showing continuous and systematic general business contacts with Florida. The Response characterizes plaintiffs' claims as vindicating their "right to communication about the Loans" with Fannie Mae and Sovereign, which they claim was denied by Triano, but this is not the claims set forth in the pleading. Plaintiffs argue that the wrongful acts by Triano described in the Second Amended Complaint occurred over the course of more than one year and were not minimal contacts, but the acts consisted of eight months of doing nothing (presumably while in New York) and participation in a Florida mediation after a foreclosure suit was filed. The Second Amended Complaint fails to satisfy the minimum contacts requirements, <u>Walden v. Fiore</u>, 134 S. Ct. 1115 (2014), and fails to satisfy this portion of the Florida long-arm statute. The Court has no general personal jurisdiction over Triano.

**B.   Specific Jurisdiction:**

Plaintiffs also assert that the Court has specific personal jurisdiction over Triano because he committed tortious act in the State of Florida, i.e., the conduct alleged in Counts III and IV.

9

(Doc. #58, ¶ 3.) Plaintiffs assert Triano is not protected by the corporate shield doctrine because the wrongful acts he committed were outside the scope of his employment with Sovereign. (Doc. #58. ¶ 5.)

Plaintiffs allege specific personal jurisdiction pursuant to Fla. Stat. § 48.193(1)(b) which provides that a defendant "submits himself or herself ... to the jurisdiction of the courts of this state for any cause of action arising from [the defendant's activities] ... [c]ommitting a tortious act within this state." Fla. Stat. § 48.193(1)(b). Specific jurisdiction refers to "jurisdiction over causes of action that arise from or are related to the party's actions within the forum." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 808 (11th Cir. 2010). Florida law requires, however, "before a court addresses the question of whether specific jurisdiction exists under the long-arm statute, the court must determine whether the allegations of the complaint state a cause of action." Id. (citations and internal quotation marks omitted).

The Court must therefore first examine the sufficiency of the counts as pled. Only Counts III and IV contain allegations of tortious conduct committed by defendant Triano. As discussed below, the Court finds both are insufficiently pled causes of action. Since the complaint does not adequately allege tortious

10

conduct, there is no basis for personal jurisdiction and the Court shall dismiss the Second Amended Complaint against Triano.

## IV.

Defendant Sovereign moves to dismiss the Second Amended Complaint, arguing the each count fails to state a claim upon which relief can be granted (Doc. #52.) Plaintiffs respond that each count was adequately pled. (Doc. #59.)

### A. Fraudulent Misrepresentation and Fraud in the Inducement (Counts One and Two)[2]

A claim for fraud contains four elements: (1) false statement of material fact or suppression of truth by the defendant; (2) the defendant knew or should have known the statement was false, or made the statement without knowledge as to truth or falsity; (3) the defendant intended the false statement or omission induce the plaintiff's reliance; and (4) the plaintiff relied to his detriment. PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802, 808–09 (11th Cir. 2010); Butler v. Yusem, 44 So. 3d 102, 105 (Fla. 2010).

In this case, plaintiffs allege Sovereign made two statements that constitute fraud. Specifically, plaintiffs assert that

---

[2] A cause of action for fraud in the inducement and fraudulent misrepresentation have identical elements. Grills v. Philip Morris USA, Inc., 645 F. Supp. 2d 1107, 1122 (M.D. Fla. 2009). Therefore, the Court will address Counts I and II together.

Sovereign's statements that (1) a "default of the Fannie Mae loans was required to obtain a modification," and (2) "Fannie Mae would rather modify the Fannie Mae loans rather than foreclose" constitute false statements of material fact.[3] (Doc. #50, ¶¶ 40, 47.) Plaintiffs further allege that Sovereign knew these statements were false and that they induced plaintiffs to rely on them to their detriment. (Id. at ¶41-51.)

Sovereign asserts that the first statement cannot constitute the basis for fraud because it is a promise of future action or alternatively, was not a false statement. (Doc. #52, p. 6.) Sovereign also responds that the second statement cannot constitute fraud because this alleged misstatement did not induce plaintiffs to rely to their detriment (Id. at p. 7) and plaintiffs did not suffer an injury as a result of the alleged misrepresentations. (Id. at p. 8.)

As to the first statement, according to the Second Amended Complaint, a representative of Sovereign advised plaintiffs that Sovereign would *not consider* a modification until plaintiffs defaulted on the Fannie Mae loans. (Doc. #50, ¶ 15.) The exhibits

---

[3] In addition to these two statements, Counts I and II also include the broad language "including, but not limited to" (Doc. #50, ¶¶ 40, 47). The Court will not consider such allegations because they do not sufficiently identify the precise statements of material fact as required by Federal Rule of Civil Procedure 9(b).

attached to the complaint show that after defaulting, plaintiffs requested a loan modification which Fannie Mae and Sovereign rejected.[4] (Id. at pp. 15-20.) The exhibits also show that Fannie Mae and Sovereign participated in mediation in attempt to resolve the defaults. (Id.)

There is nothing in the Second Amended Complaint that alleges Sovereign promised or guaranteed plaintiffs a loan modification if plaintiffs defaulted. Rather, the complaint alleges simply that Sovereign would *not consider* modifying the loans *until* plaintiffs were 45 days past due. (Id. at ¶ 15.) Furthermore, the exhibits show that Sovereign and Fannie Mae attended mediation where ultimately plaintiffs request for modification was rejected. (Id. at pp. 15-20.) The allegations in the complaint do not plausibly establish that this statement by Sovereign was false. Therefore, the Court finds the first statement cannot be the basis of a fraud claim.

---

[4] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Therefore, a court may consider a document attached to a pleading without converting a Rule 12(b) motion into a motion for summary judgment. See CFBP, LLC v. Wells Fargo Bank, No. 8:09-cv-T-33AEP, 2010 WL 2136535, *2 (M.D. Fla. May 26, 2010). Additionally, "[u]nder Florida law, 'if an exhibit facially negates the cause of action asserted, the document attached as an exhibit controls and must be considered in determining a motion to dismiss.'" Id. (quoting Fladell v. Palm Beach County Canvassing Bd., 772 So. 2d 1240, 1242 (Fla. 2000)).

Plaintiffs also allege that Sovereign told them that Fannie Mae would prefer to modify the loans rather than prosecute foreclosures. (Doc. #50, ¶¶ 40, 47.) Plaintiffs assert this statement also constitutes a misrepresentation of material fact. (Id.) The Court finds this statement cannot be the basis of a fraud claim against Sovereign.

First, plaintiffs admit it was Fannie Mae's attorney, Mr. Rochefort, who made the statement, not Sovereign. (Id. at ¶ 22.) The first element of a fraud claim requires the misrepresentation be made by the defendant. See Jackson v. Shakespeare Found., Inc., 108 So. 3d 587, n.2 (Fla. 2013). Fannie Mae is not a named defendant in this action, and nothing in the Second Amended Complaint alleges that Mr. Rochefort was an agent or representative of Sovereign. Accordingly, Sovereign cannot be held liable for a statement made by Mr. Rochefort on behalf of Fannie Mae.

In addition, the Second Amended Complaint shows that plaintiffs only contacted Mr. Rochefort after plaintiffs had already defaulted on the loans. (Doc. #50, ¶¶ 16-18, 22.) Therefore, plaintiffs have failed to allege how they relied on Mr. Rochefort's statement to their detriment.

The Court finds that neither statement can be the basis for a fraud claim. Because plaintiffs have not sufficiently alleged a claim for fraud, Counts I and II are due to be dismissed.

14

### B.   Constructive Fraud (Count Three)

Both defendant Triano and defendant Sovereign argue that Count III fails to state a claim for constructive fraud because no fiduciary duty exists between plaintiffs and defendants. (Doc. #52, p. 11.) The Court agrees.

"Constructive fraud occurs when a duty under a confidential or fiduciary relationship has been abused or where an unconscionable advantage has been taken." Levy v. Levy, 862 So. 2d 48, 53 (Fla. 3d DCA 2003). "Constructive fraud may be based on a misrepresentation or concealment, or the fraud may consist of taking an improper advantage of the fiduciary relationship at the expense of the confiding party." Id.

Plaintiffs allege "Sovereign and Triano have a fiduciary duty to plaintiffs, by virtue of the banking relationship between the parties." (Doc. #50, ¶ 54.) It is clear that there is no fiduciary relationship created by normal banking relationships, and that it takes special circumstances to create a fiduciary relationship in the context of a banking relationship. E.g., Capital Bank v. MVB, Inc., 644 F.2d 515 (Fla. 3d DCA 1994); Watkins v. NCNB Nat'l Bank of Fla., N.A., 622 So. 2d 1063 (Fla. 3d DCA 1993); Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp., 850 So. 2d 536 (Fla. 5th DCA 2003). The Second Amended Complaint alleges no facts which would

suggest a fiduciary relationship, and therefore fails to state a claim of constructive fraud.  Accordingly, Count III is dismissed.

### C. Civil Conspiracy (Count Four)

"A civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." [ ]  Each coconspirator need not act to further a conspiracy; each need only know of the scheme and assist in it in some way to be held responsible for all of the acts of his coconspirators."  Charles v. Fla. Foreclosure Placement Ctr., LLC, 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008)(internal quotations and citations omitted)(collecting cases).

The Second Amended Complaint seems to allege that the unlawful acts of the defendants made in furtherance of the alleged conspiracy are based on the claims asserted in Counts I, II, and III.  The Court has already determined that the alleged misrepresentations cannot be the basis for a fraud claim and dismissed Counts I and II.  In addition, the Court dismissed Count III for failure to properly allege the existence of a fiduciary relationship between plaintiffs and defendants.  Therefore, the plaintiffs have failed to allege any unlawful conduct to support the claim for civil conspiracy.  Thus, the Court finds plaintiffs

16

have failed to state a claim for civil conspiracy and Count IV is due to be dismissed.

Accordingly, it is now

**ORDERED:**

1. Defendant Santander Bank National Association's Motion to Dismiss Second Amended Complaint (Doc. #52) is **GRANTED** and the Second Amended Complaint is **dismissed without prejudice**.

2. Defendant Peter C. Triano's Motion to Dismiss Second Amended Complaint (Doc. #53) is **GRANTED** and the Second Amended Complaint is **dismissed without prejudice**.

3. Plaintiffs may file a third (and final) amended complaint within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order.  If no third amended pleading is filed, the **Clerk of Court** shall terminate any pending motions, enter judgment, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of November, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record