## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

FRANK LATELL, KATHLEEN
LATELL, LATELL CROIX
APARTMENTS, LTD, LATELL
PEPPERTREE APARTMENTS, LTD,

      Plaintiff,

v.                          Case No:  2:13-cv-565-FtM-29CM

SANTANDER BANK,

      Defendant.

_____

### ORDER

Before the Court are Plaintiffs' Agreed Motion for Extension of Deadlines in Amended Case Management and Scheduling Order (Doc. 76); Defendant's Second Renewed Motion to Stay Discovery Pending Adjudication of the Motion to Dismiss Plaintiffs' Third Amended Complaint (Doc. 77); and Defendant's Second Renewed Motion for Extension of Time to Respond to Discovery Requests (Doc. 78). The motions are unopposed and the parties are in agreement that discovery should be stayed pending the Court's ruling on Defendant's Motion to Dismiss (Doc. 73), and that all other deadlines should be extended.

On February 28, 2014, the Court stayed this matter for a period of 90 days because there were pending motions to dismiss challenging personal jurisdiction, standing and the legal sufficiency of the amended complaint. Doc. 41. After the stay expired, Plaintiff filed a Second Amended Complaint (Doc. 50), and the motions to dismiss were accordingly denied as moot (Doc. 51). Motions to dismiss the Second

Amended Complaint were filed on July 16, 2014, and were granted on November 13, 2014.   Doc. 68.   In that Order, Plaintiffs were granted leave to file a third and final amended complaint.   *Id.*   Plaintiff did so (Doc. 70), and Defendant filed a Motion to Dismiss on December 23, 2014, which is ripe and pending before the Court.   An amended case management and scheduling order set a January 9, 2015 discovery deadline, with dispositive motions due on February 9, 2015.   Doc. 57.   The case is set for the trial term commencing June 1, 2015.   *Id.*

Defendant requests a stay discovery of this matter, citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1983), pending a ruling by the Court on its Motion to Dismiss (Doc. 73), which asserts dismissal based on failure to state a claim, standing, and Florida's absolute litigation privilege.   Defendant concurrently seeks an extension of time to respond to Plaintiffs' First Set of Interrogatories and Request to Produce until after the discovery stay expires.   Doc. 78.   Plaintiffs agree to the stay and seek an extension of the deadlines in the amended case management and scheduling order.

In *Chudasama*, the Eleventh Circuit noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.   Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true."   *Id.* at 1367 (footnote omitted).   "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion."   *Id.*; *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2

(11th Cir. 2002). However, *Chudasama* does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" *Id.* (citing *In re Winn Dixie Stores, Inc.*, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and quotation marks omitted).

Defendant argues that good cause exists to grant the stay because it has made a likely meritorious facial challenge to Plaintiffs' Third Amended Complaint and if discovery goes forward, unnecessary costs will be incurred. The Court notes that previously it granted Defendant's requests for a stay because there were pending motions to dismiss based upon most of the same grounds as those currently pending. Doc. 41, 67. Because there are pending motions challenging the legal sufficiency of the amended complaint, including standing, the Court will stay discovery. Delaying discovery until the Court rules on whether Plaintiffs have stated a viable cause of

action will cause Plaintiffs little harm.   This is especially so because Plaintiffs agree to the stay.   Staying discovery necessitates that the case management deadlines be extended as well.   The Court will extend the deadlines by 90 days.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Plaintiffs' Agreed Motion for Extension of Deadlines in Amended Case Management and Scheduling Order (Doc. 76) is **GRANTED**.   The Clerk is directed to issue an amended case management and scheduling order, extending the deadlines, beginning with discovery, by 90 days.

2.      Defendant's Second Renewed Motion to Stay Discovery Pending Adjudication of the Motion to Dismiss Plaintiffs' Third Amended Complaint (Doc. 77) is **GRANTED in part**.   All deadlines in the amended case management and scheduling order, as well as disclosures and discovery, will be **STAYED** pending the Court's ruling on the Motion to Dismiss.   The Clerk is directed to add a stay flag to the case.

3.      Defendant's Second Renewed Motion for Extension of Time to Respond to Discovery Requests (Doc. 78) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of January, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record