UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK LATELL,

    Plaintiff,

v.                             Case No:   2:13-cv-565-FtM-29CM

SANTANDER BANK,

    Defendant.

## ORDER

Before the Court are Defendant's Unopposed Third Renewed Motion for Extension of Time to Respond to Discovery Requests (Doc. 88); Defendant's Unopposed Third Renewed Motion to Stay Discovery Pending Adjudication of the Motion to Dismiss Plaintiffs' Fourth Amended Complaint (Doc. 89); and Plaintiffs' Agreed Motion for Extension of Deadlines in Amended Case Management and Scheduling Order (Doc. 90).  The motions are unopposed, and the parties are in agreement that discovery should be stayed pending the Court's ruling on Defendant's Motion to Dismiss (Doc. 87), and that all other deadlines, including trial, should be extended.

On February 28, 2014, the Court stayed this matter for a period of 90 days because there were pending motions to dismiss challenging personal jurisdiction, standing and the legal sufficiency of the amended complaint.  Doc. 41.  After the stay expired, Plaintiff filed a Second Amended Complaint (Doc. 50), and the motions to dismiss were accordingly denied as moot (Doc. 51).   Motions to dismiss the Second

Amended Complaint were filed on July 16, 2014, and were granted on November 13, 2014. Doc. 68. In that Order, Plaintiffs were granted leave to file a third and final amended complaint. *Id.* Plaintiffs did so (Doc. 70), and Defendant filed a Motion to Dismiss on December 23, 2014 (Doc. 73). The Court stayed this matter for an additional 90 days because the pending Motion to Dismiss challenged the legal sufficiency of the Third Amended Complaint and standing. Doc. 81. The Court denied Defendant's Motion as moot and granted Plaintiff leave to file a fourth and final amended complaint. Doc. 84. Plaintiff filed a Fourth Amended Complaint (Doc. 85) on March 18, 2015. Defendant subsequently filed a Motion to Dismiss for Failure to State a Claim (Doc. 87) on March 31, 2015, which is pending before the Court.

An Amended Case Management and Scheduling Order set an April 9, 2015 discovery deadline, with dispositive motions due on May 8, 2015. Doc. 82. The case is set for the trial term commencing September 1, 2015.

Citing to *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1983), Defendant requests a stay of the discovery in this matter pending a ruling by the Court on its Motion to Dismiss (Doc. 87), which asserts dismissal based on failure to state a claim, standing and Florida's absolute litigation privilege. Defendant concurrently seeks an extension of time to respond to Plaintiffs' First Set of Interrogatories and Request to Produce until after the discovery stay expires. Doc. 88. Plaintiffs agree to the stay and seek an extension of the deadlines in the Amended Case Management and Scheduling Order.

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and quotation marks omitted).

While the Court recognizes that there is little harm produced by the delay in discovery, the Court also notes that this case has been pending since July 30, 2013. As the parties are aware, Local Rule 3.05(c)(2)(E) sets a goal of trial within two years after the filing of the complaint in Track Two cases such as this. Doc. 5. Motions for extension of discovery deadlines are disfavored. Doc. 30 at 3. Here, an extension or stay of the discovery deadlines would also necessitate an extension of the trial deadline, which already has been extended by the Court. Extending the trial term is "distinctly disfavored" by the Court. M.D. Fla. R. 3.05(c)(2)(E). Therefore, the Court is not inclined to grant an additional stay in this case and prolong it any further.

The parties, however, have established a good faith basis to extend the deadlines in the Amended Case Management and Scheduling Order and extend the time for which Defendant has to respond to Plaintiff's First Set of Interrogatories and Request to Produce.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Third Renewed Motion for Extension of Time to Respond to Discovery Requests (Doc. 88) is **GRANTED**. Defendant will have up to and including **May 11, 2015** to respond to Plaintiff's First Set of Interrogatories and Request to Produce.

2. Plaintiffs' Agreed Renewed Motion for Extension of Deadlines in Amended Case Management and Scheduling Order (Doc. 90) is **GRANTED**. The Clerk is directed to issue an Amended Case Management and Scheduling Order, extending the deadlines, beginning with discovery, by 90 days.

3. Defendant's Unopposed Third Renewed Motion to Stay Discovery Pending Adjudication of the Motion to Dismiss Plaintiffs' Fourth Amended Complaint (Doc. 89) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of April, 2015.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record