UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK LATELL, KATHLEEN LATELL, LATELL CROIX APARTMENTS, LTD, and LATELL PEPPERTREE APARTMENTS, LTD,

    Plaintiff,

v.                              Case No: 2:13-cv-565-FtM-29CM

SANTANDER BANK,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant Santander Bank National Association's Motion to Dismiss Fourth Amended Complaint or alternatively, Motion to Strike Claim for Attorneys' Fees (Doc. #87) filed on March 31, 2015. Plaintiff filed a Response in Opposition (Doc. #91) on April 9, 2015.

**I.**

Plaintiffs' Fourth Amended Complaint (Doc. #85) is now the operative pleading in this case. Plaintiffs Frank Latell (Frank), Kathleen Latell (Kathleen), Latell Croix Apartments, Ltd. (Croix), and Latell Peppertree Apartments, Ltd. (Peppertree) allege claims for fraudulent misrepresentation (Count I) and fraud in the inducement (Count II) against defendant Santander Bank National

Association (Santander Bank). The underlying facts, as set forth in the Fourth Amended Complaint, are as follows:

Plaintiffs' claims arise out of the default and eventual foreclosure of two commercials loans made to Croix and Peppertree, entities in which Frank and Kathleen are general partners. (Doc. #85, ¶¶ 5, 14, 31.) Plaintiffs allege that Santander Bank purposefully made a false statement of fact that plaintiffs would receive a loan modification after they defaulted on the mortgage loans in order to induce plaintiff to default. (Id. ¶¶ 44-46, 51-53.) Specifically, plaintiffs allege that on April 10, 2010, plaintiff's agent spoke to Brook Radcliffe (Radcliffe), an agent of Santander Bank's defaulted loan department, seeking to negotiate a modification of the subject loans. (Id. ¶ 19.) Radcliffe informed plaintiffs that "Santander would modify the mortgage loans if they were in default, but until they were over 45 days past due, Santander would not even consider a modification." (Id. ¶ 21.) Plaintiffs purposefully defaulted on the subject loans in reliance on Santander Bank's statements. (Id. ¶ 22.) Thereafter, Santander Bank refused to modify the loans and as a result, plaintiffs lost the apartment complexes to foreclosure and are allegedly liable for the deficiency on the mortgage loans. (Id. ¶¶ 48, 55.)

Santander Bank moves to dismiss the Fourth Amended Complaint, arguing that each count fails to state a claim upon which relief can be granted. (Doc. #87.) Plaintiffs respond that each count is adequately pled. (Doc. #91.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani

3

v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

**A. Prior Pleadings**

Santander Bank first argues that exhibits attached to plaintiffs' prior pleadings contradict the allegations contained in the Fourth Amended Complaint. (Doc. #87, p. 6.) However, "[a]s a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." Schreane v. Middlebrooks, 522 F. App'x 845, 847 (11th Cir. 2013). Once the district court accepts the amended pleading, "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Id. (quotation omitted). Plaintiff's

Fourth Amended Complaint did not "specifically refer to or adopt" the Verified First Amended Complaint. Id. Therefore, the Court will not consider exhibits attached to a prior pleadings when deciding this motion to dismiss.

**B.   Future Action**

Santander Bank next argues that the alleged misrepresentation was a promise of future action, and thus an action for fraud cannot stand. (Doc. #87, pp. 6-7.) An action for fraud generally may not be predicated on statements of opinion or promises of future action, but rather must be based on a statement concerning a past or existing fact. Florida Dep't Ins. v. Debenture Guar., 921 F. Supp. 750, 757 (M.D. Fla. 1996). However, the courts have recognized exceptions to this rule where the person expressing the opinion is one having superior knowledge of the subject of the statement and the plaintiff can show that the person knew or should have known from facts in his or her possession that the statement was false, id., or that the person promising future action does so with no intention of performing, or with a positive intention not to perform. Prieto v. Smook, Inc., 97 So. 3d 916, 918 (Fla. 4th DCA 2012).

The Fourth Amended Complaint alleges that when the misrepresentation was made, Santander Bank knew it was false and had no intention of modifying the loans upon plaintiffs default.

5

(Doc. #85, ¶¶ 45, 52.) These allegations fall within a recognized exception to the rule that fraud may not be based on statements of opinion or promises of future actions. Therefore, the plaintiffs' allegations are sufficient to support the fraud claims.

**C. Pleading Fraud with Particularity**

Next, Santander Bank asserts that plaintiffs' do not plead fraud with particularity and fail to allege monetary loss or other injury. (Doc. #87, pp. 7-8.) The Court disagrees.

The Fourth Amended Complaint alleges that on April 10, 2010, Radcliffe, a representative of Santander Bank, told plaintiffs they would receive loan modification only after they defaulted on the mortgage loans.[1] (Doc. #85, ¶ 43.) Because of Santander Bank's misrepresentation, plaintiffs' intentionally defaulted on the mortgage loans and Santander Bank gained profit from the sale of the apartment complexes and default interest rate. (Id. ¶¶ 30, 47-48, 54-55.)

The Court finds plaintiffs have pled fraud with particularity because the allegations describe who committed the fraud, the misrepresentation that was made, when and where it occurred, and

---

[1] In addition to this statement, Counts I and II also include the broad language "*inter alia*" (Doc. #70, ¶¶ 40, 47). The Court will not consider such allegations because they do not sufficiently identify the precise statements of material fact as required by Federal Rule of Civil Procedure 9(b).

6

that the defendant knew the statements were false but used the misrepresentation to induce plaintiff's reliance. Accordingly, the allegations are particular enough to put the defendant and the Court on notice of the circumstances constituting the fraud in accordance with the demands of Federal Rule of Civil Procedure 9(b).

The Court also finds that the Fourth Amended Complaint adequately alleges monetary loss or other injury. Plaintiffs allege that they lost their investment in the apartment complexes as a result of their detrimental reliance on Santander Bank's misrepresentation. (Doc. # 85, ¶ 44.) The loss of the apartment complexes is sufficient to show plaintiffs suffered a present loss or injury. Therefore, the Court finds that plaintiffs' alleged injury is adequately pled.

**D.  Amendment to the Loan Documents**

Santander Bank asserts that plaintiffs' reliance on the misrepresentations are unreasonable as a matter of law because the misstatements are oral amendments to the loan documents. (Doc. #87, pp. 8-10.) In the motion to dismiss, Santander Bank cites to provisions in the loan documents which prohibit any modification except by a signed writing, and also notes the absence of a

guaranteed loan modification in the event of default.[2] (Id.) However, plaintiffs' fraud claims are not based on the loan documents themselves, but rather on a subsequent misrepresentation made by Santander Bank. Specifically, the alleged misrepresentation involved what plaintiffs needed to do to receive a loan modification. (Doc. #85, ¶ 43.) The plaintiffs do not allege that Santander Bank agreed to certain terms or conditions that conflicted with or modified the existing loan documents. Therefore, at this stage in the litigation, the plaintiffs' allegations are sufficient to survive the motion to dismiss.

**E.   Duplicative Claims**

Santander Bank next argues that one of plaintiff's claims should be dismissed as duplicative. (Doc. #87, p. 11.) While the claims are closely related, they contain different elements and may be alleged in the alternative.

A cause of action for fraud in the inducement (Count I) requires plaintiff to allege that defendant: "(1) made a statement concerning a material fact, (2) knowing that the statement was

---

[2]"Although analysis of a Rule 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto, a court may consider documents attached to the motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim." Starship Enters. of Atlanta, Inc. v. Coweta County, Ga., 708 F.3d 1243, 1253 n.13 (11th Cir. 2013) (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368–69 (11th Cir. 1997) (citation omitted)).

false, (3) with intent that the plaintiffs act on the false statement; and (4) the plaintiffs were damaged as a result of their reasonable reliance on the false statement." Gemini Investors III, L.P. v. Nunez, 78 So. 3d 94, 97 (Fla. 3d DCA 2012). A claim for fraudulent misrepresentation (Count II) must allege: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." Butler v. Yusem, 44 So. 3d 102, 105 (Fla. 2010). Unlike fraud in the inducement, "[j]ustifiable reliance is not a necessary element of fraudulent misrepresentation." Id. There is no basis to dismiss either count. Federal Rule of Civil Procedure 8(e) (allowing a plaintiff to plead in the alternative).

**F.   Standing**

Santander Bank also asserts plaintiffs Frank and Kathleen lack standing to bring claims against Santander Bank because there were neither the owners of the properties that secured the Loans or the named borrower on the Loans. (Doc. #87, pp. 11-12.) In order to establish standing, a plaintiff must adequately allege and ultimately prove, three elements: (1) that he or she has suffered an "injury-in-fact"; (2) a causal connection between the asserted injury-in-fact and the challenged conduct of the

defendant; and (3) that the injury likely will be redressed by a favorable decision. Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). As general partners of Croix and Peppertree apartments, Frank and Kathleen are subject to liability for the obligations of the partnership. See Fla. Stat. § 620.1404. Plaintiffs' have alleged a sufficient stake in the controversy to satisfy standing requirements.

**G.   Florida's Litigation Privilege**

Santander Bank argues that Florida's litigation privilege bars plaintiffs claim because the fraudulent statement was made prior to the foreclosure actions. (Doc. #87, p. 12-14.) Florida recognizes an absolute litigation privilege that "must be afforded to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding." Levin, Middlebrooks, et al. v. U.S. Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994). The statement made by Santander Bank was made before any litigation or contemplation of litigation was initiated. Therefore, the litigation privilege does not apply.

**IV.**

Santander Bank also moves to strike plaintiff's demand for attorneys' fees. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient

10

defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. The court enjoys broad discretion in determining whether to grant or deny these motions to strike. Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

Santander Bank contends that the Court should strike plaintiffs' request for attorneys' fees because there is no basis for the demand. (Doc. #87, p. 14.) Florida generally follows the American Rule requiring litigants to pay their own attorneys' fees. "If the party seeking attorneys' fees can demonstrate the specific, certain and conclusive existence of malice or fraud, attorneys' fees are available." Cook v. Deltona Corp., 753 F.2d 1552, 1564 (11th Cir. 1985). It would be premature to strike attorneys' fees when plaintiffs allege fraud. Natarajan v. Paul Revere Life Ins. Co., No. 804-CV-2612-T-17TGW, 2009 WL 1117405, at *2 (M.D. Fla. Apr. 24, 2009). Therefore, the Motion to Strike is denied.

**V.**

The Fourth Amended Complaint fails to adequately allege subject matter jurisdiction because it does not identify any limited partners of Croix or Peppertree or state that there are no limited partners. Pursuant to 28 U.S.C. § 1653, Plaintiffs shall file a supplemental amendment to the Fourth Amended Complaint

11

within seven (7) days of the date of this Opinion and Order properly setting forth the citizenship of plaintiffs.

Accordingly, it is now

**ORDERED:**

1. Defendant, Santander Bank, National Association's Motion to Dismiss Fourth Amended Complaint or alternatively, Motion to Strike Claim for Attorneys' Fees (Doc. #87) is **DENIED.**

2. The time for defendant to file its answer shall begin upon the filing of the supplemental amendment to the Fourth Amended Complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of April, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record