UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK LATELL, KATHLEEN LATELL, LATELL CROIX APARTMENTS, LTD, and LATELL PEPPERTREE APARTMENTS, LTD,

    Plaintiffs,

v.                              Case No: 2:13-cv-565-FtM-29CM

SANTANDER BANK,

    Defendant.

**OPINION AND ORDER**

    This matter comes before the Court upon review of the following five motions: (1) defendant's Motion for Partial Summary Judgment (Doc. #117) to which plaintiffs filed a response in opposition (Doc. #123); (2) defendant's Motion to Strike Jury Trial Demand (Doc. #116) to which plaintiffs filed a response in opposition (Doc. #127); (3) defendant's Motion for Judicial Notice of Lyle Preest's Death Certificate (Doc. #136) to which no response was filed; (4) defendant's Motion for Judicial Notice of Foreclosure Pleadings (Doc. #137) to which no response was filed; and (5) defendant's Motion for Summary Judgment (Doc. #140) to which plaintiffs filed a response in opposition (Doc. #147). These matters are ripe for review.

**I.**

As an initial matter, defendant asks the Court to take judicial notice of the Certificate of Death of Lyle Walter Preest (Doc. #136) and certain documents from the state court foreclosure action that are attached to its motion (Doc. #137). Plaintiffs did not file a response and defendant indicates that plaintiffs have no objection to the relief sought in these motions. (Doc. #136 at p. 3; Doc. #137, p. 4.) These motions will be granted, and the Court will take judicial notice of the items pursuant to Fed. R. Evid. 201. Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC, 369 F.3d 1197, 1204 (11th Cir. 2004); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).

**II.**

Plaintiffs' Fourth Amended Complaint (Doc. #85) is now the operative pleading in this case. Plaintiffs Frank Latell (Frank), Kathleen Latell (Kathleen), Latell Croix Apartments, Ltd. (Croix Ltd.), and Latell Peppertree Apartments, Ltd. (Peppertree Ltd.) allege claims for fraudulent misrepresentation (Count I) and fraud in the inducement (Count II) against defendant Santander Bank National Association (Santander Bank).

Santander Bank filed two summary judgment motions, one seeking partial summary judgment against plaintiffs Frank and Kathleen because they do not have standing to bring this action (Doc. #117), and the second asserting there is no evidence as to

several elements of the causes of action (Doc. #140). Plaintiffs respond that the Court has already determined that Frank and Kathleen have standing (Doc. #123), and that each suffered a distinct injury that gives them standing to bring the instant action. (Id.) Plaintiffs further respond that Santander Bank cannot prove it did not make the misrepresentation, and there are genuine issues of material fact still in dispute which prevent summary judgment. (Doc. #147.)

### A. Summary Judgment Standard

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**B. Basic Facts Underlying Fraud Claims**

Plaintiffs' claims arise out of the default and eventual foreclosure of two commercials loans made to Croix Ltd. and Peppertree Ltd., both Florida limited partnerships in which Frank is the general partner and Kathleen is the limited partner. (Doc. #85, ¶¶ 5, 7, 14, 31; Doc. #96, ¶¶ 5, 6, 8, 9.)[1]  Fannie Mae owned

---

[1] A Supplemental Amendment to the Fourth Amended Complaint (Doc. #96) corrects prior allegations and clarifies that only Frank

and held promissory notes and mortgages (the "loans") of Peppertree Ltd. and Croix Ltd., which were secured by apartment complexes owned by Croix Ltd. and Peppertree Ltd. (Doc. #85, ¶ 14.) The loans were serviced by Santander Bank, who also owned and held the notes and mortgages at times. (Id. ¶ 15; Doc. #99, ¶¶ 14-15; Doc. #116-1.)

Plaintiffs allege that Santander Bank purposefully made a false statement of fact to their agent Lyle Preest (Mr. Preest) in order to induce plaintiffs to default on the loans. (Doc. #85, ¶¶ 44-46, 51-53.) Specifically, plaintiffs allege that on April 10, 2010, Mr. Preest spoke to Brook Radcliffe (Ms. Radcliffe), an agent of Santander Bank's defaulted loan department, seeking to negotiate a modification of the subject loans. (Id. ¶ 19.) Plaintiffs allege that Ms. Radcliffe informed Mr. Preest that "Santander would modify the mortgage loans if they were in default, but until they were over forty-five (45) days past due, Santander would not even consider a modification." (Id. ¶ 21.) Plaintiffs assert they purposefully defaulted on the loans in reliance on Santander Bank's statements. (Id. ¶ 22.) Thereafter, Santander Bank refused to modify the loans, and as a result plaintiffs lost the apartment complexes to foreclosure and are allegedly liable for the deficiency on the loans. (Id. ¶¶ 48, 55.)

---

is the general partner for each entity, and only Kathleen is the limited partner for each entity.

**C. Constitutional Standing of Frank and Kathleen**

Santander Bank seeks partial summary judgment as to the individual claims by Frank and Kathleen, asserting both lack standing to assert claims in their own names for injuries sustained by the limited partnerships Croix Ltd. and Peppertree Ltd. (Doc. #117.)[2] Santander Bank alleges the undisputed material facts establish that Frank and Kathleen have not suffered an injury-in-fact that is separate and distinct from that suffered by the other partners of Croix Ltd. and Peppertree Ltd.; that no deficiency judgments have been entered, or even sought, against Frank or Kathleen; that Kathleen, as a limited partner, cannot be subject to a deficiency judgment, and Frank's alleged injury based on potential liability is insufficient to confer standing and not ripe for adjudication.

---

[2] Subject matter jurisdiction challenges are addressed in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Aqua Log, Inc. v. Lost & Abandoned Pre-Cut Logs & Rafts of Logs, 709 F.3d 1055, 1058 (11th Cir. 2013); Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). When a motion to dismiss is based on a factual challenge to subject matter jurisdiction and the jurisdictional basis of the claim is intertwined with the merits of the case, the court applies the Rule 56 summary judgment standard in determining whether dismissal is appropriate. Lawrence v. Dunbar, 919 F.2d 1525, 1530 (11th Cir. 1990).

### (1) Prior Decision on Motion to Dismiss

Plaintiffs first respond that the Court's denial of defendant's earlier motion to dismiss for lack of standing is controlling. The Court disagrees.

Defendant previously argued in its Motion to Dismiss Fourth Amended Complaint that Frank and Kathleen lacked standing because they were not the owners of the properties that secured the loans or the named borrower on the loans. (Doc. #87, pp. 11-12.) In finding that the Fourth Amended Complaint adequately alleged that Frank and Kathleen had standing, the Court noted "as general partners of Croix and Peppertree apartments, Frank and Kathleen are subject to liability for the obligations of the partnership." (Doc. #95, p. 10.)[3] However, the nature and extent of plaintiffs' burden to establish standing is a function of the stage of the litigation. Thus, as the Supreme Court has explained:

> Since [the elements of standing] are not mere pleading requirements[,] but rather an indispensable part of the plaintiff's case, each element must be supported the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation. [ ] At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim. In response to a summary judgment motion, however, the plaintiff can no

---

[3] Based on the subsequent Supplemental Amendment to the Fourth Amended Complaint (Doc. #96), only Frank was a general partner.

> longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true. And at the final stage, those facts (if controverted) must be supported adequately by the evidence adduced at trial.

Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)(internal quotations and citations omitted). Therefore, Santander Bank may challenge Frank and Kathleen's standing at this stage of the proceedings, despite the Court's prior ruling on the motion to dismiss.

**(2) Standing of Frank and Kathleen**

In order to establish standing, a plaintiff must adequately allege and ultimately prove three elements: (1) that he or she has suffered an "injury-in-fact"; (2) a causal connection between the asserted injury-in-fact and the challenged conduct of the defendant; and (3) that the injury likely will be redressed by a favorable decision. Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001) (citing Lujan, 504 U.S. at 560). Plaintiffs essentially assert two injuries-in-fact: (1) loss of investment in, and an anticipated income stream from, the now-foreclosed apartment complexes; and (2) potential liability for deficiency judgments in connection with the loans. Frank submitted an affidavit (Doc. #122) stating that he is the only general partner of Croix Ltd. and Peppertree Ltd. and Kathleen is the only limited partner of Croix Ltd. and Peppertree Ltd. (id. ¶¶ 2-3), and that

they lost their retirement income which was to come from the revenue of the now-foreclosed apartment complexes. (Id. ¶ 7.)

### (a) Potential Deficiency Judgment Liability

Florida law provides that a plaintiff may seek a deficiency judgment in a foreclosure action, or may sue at common law to recover a deficiency "unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment." Fla. Stat. § 702.06. Where a deficiency judgment is sought in a foreclosure suit, a deficiency proceeding is simply a continuation of the original foreclosure suit. TD Bank, N.A. v. Graubard, 172 So. 3d 550, 553 (Fla. 5th DCA 2015). Alternatively, "unless the foreclosure court has granted or has declined to grant a deficiency judgment, a plaintiff may pursue deficiency relief in a separate action." Garcia v. Dyck-O'Neal, Inc., 178 So. 3d 433, 436 (Fla. 3d DCA 2015). See also Dyck-O' Neal, Inc. v. Weinberg, 41 Fla. L. Weekly D329 (Fla. 3d DCA Feb. 3, 2016). Such a separate action must be brought within five years of the time the action accrues. Chrestensen v. Erogest, Inc., 906 So. 2d 343, 345 (Fla. 4th DCA 2005) (statute of limitations for deficiency judgment proceedings is five years). A cause of action for a deficiency judgment accrues when there has been a final judgment of foreclosure and a sale of the assets to be applied to the satisfaction of the judgment. Life & Cas. Ins. Co. of Tenn. v. Tumlin, 189 So. 406,

407 (Fla. 1939); Arvelo v. Park Fin. of Broward, Inc., 15 So. 3d 660, 663 (Fla. 3d DCA 2009); Chrestensen, 906 So. 2d at 345.

Here, Frank was a named defendant in the underlying foreclosure suit. (Doc. #137.) On February 28, 2012, a Judgment in excess of $1.2 million was entered against Frank (and others), but execution on the judgment was not allowed until the mortgaged property was sold, a deficiency proceeding established entitlement and fair market value, and the fair market value of the mortgaged property was offset against the judgment amount. (Id. at 3.) The state court retained jurisdiction to consider a deficiency judgment, among other things. (Id. at 7.) Neither side has pointed to record evidence as to the status thereafter regarding the sale of the property and any deficiency amount. On the summary judgment record, Frank may have liability for a deficiency amount, and therefore Frank has standing to pursue his claims in this case.

Kathleen has no standing based upon the possibility of a deficiency judgment because there is no such possibility. A limited partnership "is an entity distinct from its partners." Fla. Stat. § 620.1104. As a limited partner of each of the limited partnerships, Kathleen does not have the right or power "to act for or bind the limited partnership." Fla. Stat. § 620.1302(1). Additionally, as a limited partner Kathleen cannot be held personally liable for any obligation of the limited partnership,

including a judgment against the limited partnerships. Fla. Stat. § 620.1303.

**(b) Loss of Investment and Anticipated Income Stream**

Plaintiffs assert they also have standing because they have lost their monetary investment in the limited partnership and have lost the possibility of income from the partnership resulting from its operation of the two apartment complexes which have now been foreclosed. Defendant asserts that a partner cannot sue in his own name for injuries sustained by a limited liability partnership, and therefore neither Frank nor Kathleen have standing.

At one time in Florida, a partnership could only sue in the names of its members, not in the name of the partnership. Effective January 1, 1996, however, as part of the Revised Uniform Partnership Act (RUPA), partnerships were empowered to sue and be sued in the name of the partnership. Fla. Stat. § 620.8307(1). See also Fla. Stat. § 620.1105. Under the "be sued" portion of this statute, it is clear that both a limited partnership and its general partners may be sued. Fla. Stat. § 620.8307(2). See also Fla. Stat. §§ 620.1404; 620.1405(a). The "sue" portion is less clear, and defendant has cited no binding precedent forbidding a general partner from suing as a plaintiff in addition to the partnership itself.

Accordingly, at least Frank has constitutional standing, which is all that is required for subject matter jurisdiction.

Village of Arlington Heights v. Metro. Hous. Dev. Corp. 429 U.S. 252, 263-64 n.9 (1977). Therefore, that portion of defendant's motion seeking summary judgment for lack of standing is denied.

**D. Merits of the Two Claims**

A cause of action for fraud in the inducement (Count I) requires plaintiffs to prove that defendant: "(1) made a statement concerning a material fact, (2) knowing that the statement was false, (3) with intent that the plaintiffs act on the false statement; and (4) the plaintiffs were damaged as a result of their reasonable reliance on the false statement." Gemini Investors III, L.P. v. Nunez, 78 So. 3d 94, 97 (Fla. 3d DCA 2012). A claim for fraudulent misrepresentation (Count II) requires plaintiffs to prove: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." Butler v. Yusem, 44 So. 3d 102, 105 (Fla. 2010). Unlike fraud in the inducement, "[j]ustifiable reliance is not a necessary element of fraudulent misrepresentation." Id.

Defendant asserts the undisputed record shows that Ms. Radcliffe did not make a misrepresentation to Mr. Preest; that no one at Santander Bank spoke with Mr. Preest before plaintiffs defaulted on the loans; and that even if the alleged misrepresentation was made, plaintiffs did not rely upon it.

Plaintiffs respond that all these matters are disputed, which prevents the entry of summary judgment.

**(1) Existence of Fraudulent Misrepresentation**

Both claims require plaintiffs to prove that Santander Bank made a fraudulent misrepresentation. Plaintiffs' theory is that such a fraudulent misrepresentation was made by Ms. Radcliffe to Mr. Preest, who relayed the misrepresentation to plaintiffs, who relied upon it to their detriment. On summary judgment, Santander Bank has the burden of showing that there is an absence of evidence to support plaintiffs' case or of showing plaintiffs will be unable to prove their case at trial. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004). If it does so, plaintiffs must come forward with evidence sufficient to withstand a directed verdict motion. Id. "An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The admissibility of evidence in a case premised on diversity jurisdiction is governed by the Federal Rules of Evidence. Wright v. Farouk Sys., Inc., 701 F.3d 907, 910 n.6 (11th Cir. 2012).

Santander Bank submitted an affidavit of Ms. Radcliffe (Doc. #141-1) stating that she is employed by Santander Bank as a Collections Manger in the Portfolio Management group and she

reviewed Santander Bank's business records for the loans at issue in this case. (Id. ¶¶ 2, 6-7.) Ms. Radcliffe attests that Santander Bank conducts training for new employees in the Portfolio Management group on what to say when borrowers call to request loan modifications. (Id. ¶ 8.) Employees are instructed to tell the borrower to make their loan payments and if they had trouble making their payments, then to let Santander Bank know so that the borrower can speak with a workout officer. (Id. ¶ 9.)

Ms. Radcliffe further states she does not recall any specific conversations with plaintiffs and/or their agent regarding the loans, but she has never told any borrower that Santander Bank would modify the borrower's loan if they were in default. (Id. ¶ 12.) Further, notes in Santander Bank's record-keeping system for the loans indicate that the first telephone communication between Santander Bank and Mr. Preest occurred on April 30, 2010, when Mr. Preest left a voicemail message stating that Croix Ltd. and Peppertree Ltd. were having problems making their payments, that a Chapter 11 bankruptcy was a possibility, and that it would be a month before Croix Ltd. and Peppertree Ltd. can resume making mortgage payments. (Id. ¶¶ 13-15.)

Ms. Radcliffe is a witness competent to testify at trial and her testimony would be admissible substantive evidence as to both the content of Santander Bank's business records, Fed. R. Evid. 803(6), and "to prove that on a particular occasion the person or

organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. Thus, Santander Bank has shown that it made no misrepresentation to plaintiffs or their agent, and that any communication with Mr. Preest was on and after April 30, 2010.

Plaintiffs respond with an affidavit of Frank Latell. (Doc. #144.) Frank attests that Santander Bank, through its agent Ms. Radcliffe, advised plaintiffs agent, Mr. Preest, that loans had to be forty-five (45) days past due before a modification could be considered. (Id. ¶ 3.) Plaintiffs were told this before the loans were forty-five (45) days past due. (Id. ¶ 4.) Frank had the funds to make the mortgage payments at the time this misrepresentation was made. (Id.) The only reason Frank did not make the mortgage payments was in reliance on the misrepresentation. (Id. ¶ 5.)

It is clear that neither Frank nor Kathleen personally spoke with anyone at Santander Bank, and that the alleged communication at issue was made to Mr. Preest, who is now deceased. Mr. Preest's deposition was apparently not taken in this case, so the issue is whether his version of the conversation, as he told it to others, is somehow admissible. Because it is not, and there is no admissible evidence of the existence of any misrepresentation, summary judgment is due to be granted in favor of defendant.

As noted above, Ms. Radcliffe's testimony would be admissible substantive evidence at trial establishing that no misrepresentation was made and the date of the first communication from Mr. Preest. Mr. Preest's testimony at trial regarding his version of any conversations he had with Ms. Radcliffe would have been admissible under Federal Rule of Evidence 801(d)(2) as a non-hearsay admission by a party opponent. Wright, 701 F.3d at 910. Mr. Preest is obviously unavailable, and therefore the question is whether any of the statements he may have made describing his conversation(s) with Santander Bank would be capable of being admitted at a trial.[4]

Plaintiffs assert that the Court may consider the hearsay statement made by Mr. Preest to Frank to "show that the conversation occurred and to impeach the testimony of Ms. Radcliffe[.]" (Doc. #147, p. 8.) Santander Bank asserts there are no hearsay exceptions which would allow Frank to testify to the statement made to him by Mr. Preest which contained the alleged statements of Ms. Radcliffe. (Id.) The Court agrees that there is no rule of evidence that would allow such testimony as substantive evidence.

---

[4] The Court may consider hearsay statements at the summary judgment stage if the statement is capable of being reduced to admissible evidence at trial or reduced to admissible form. See Macuba v. Deboer, 193 F.3d 1316, 1323 (11th Cir. 1999).

"Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." Fed. R. Evid. 805. What Mr. Preest said was stated by Ms. Radcliffe is admissible as an admission by a party opponent, but Mr. Preest is not available to testify about it. What Frank says Mr. Preest told him about what Ms. Radcliffe said is not admissible as substantive evidence under any rule of evidence. It may be admissible as impeachment, but impeachment is not substantive evidence offered for the truth of the matter and would not support a summary judgment motion. Macuba, 193 F.3d at 1322-23; Nat'l Specialty Ins. Co. v. Martin-Vegue, No. 14-15811, ___ F. App'x ___, 2016 WL 737780, at *4 (11th Cir. Feb. 25, 2016) ("Offering evidence for impeachment purposes, however, cannot create a genuine issue of fact at the summary judgment stage. See McMillian v. Johnson, 88 F.3d 1573, 1584 (11th Cir. 1996) (holding that impeachment evidence is not substantive and "may not be used to create a genuine issue of material fact for trial")).

**(2) Plaintiffs' Reliance On Misrepresentation**

Santander Bank also argues that even if its agent did make the misrepresentation, plaintiffs' did not rely on it because they were already in default. According to Santander Bank, plaintiffs had failed to make the April, 2010 payment before ever speaking

with Santander Bank, which shows there was no reliance on Santander Bank's alleged false statement.

In his affidavit, Frank attests he had the funds to make the mortgage payments at the time this misrepresentation was made. (Doc. #144, ¶ 4.) The only reason Frank did not make the mortgage payments was in reliance on the misrepresentation that the loans had to be forty-five (45) days past due before a modification could be considered. (Id. ¶ 5.) This is sufficient evidence of reliance as to non-payment of the then-late April payment and the subsequent monthly obligations. Reliance is at least a disputed issue of material fact, and therefore summary judgment is inappropriate on this ground.

### (3) Promise of Future Action As A Basis of Fraud

Finally, Santander Bank asserts that Frank's statements in his deposition that he defaulted so that Santander Bank "would at least talk" to him are inconsistent with the Fourth Amended Complaint which alleges that plaintiffs defaulted because Santander Bank told them they would receive a loan modification only after they defaulted. (Doc. #140, pp. 9-10.) Santander Bank alleges this is a promise of future action that cannot constitute the grounds for a fraud claim. (Id.) Plaintiffs respond that even if the alleged false statement is related to future actions or opinions, the opinion may be treated as a statement of fact

because Santander Bank had superior knowledge of the subject. (Doc. #147, p. 8.)

An action for fraud generally may not be predicated on statements of opinion or promises of future action, but rather must be based on a statement concerning a past or existing fact. Florida Dep't of Ins. v. Debenture Guar., 921 F. Supp. 750, 757 (M.D. Fla. 1996). However, courts have recognized exceptions to this rule where the person expressing the opinion is one having superior knowledge of the subject of the statement and the plaintiff can show that the person knew or should have known from facts in his or her possession that the statement was false, id., or that the person promising future action does so with no intention of performing, or with a positive intention not to perform. Prieto v. Smook, Inc., 97 So. 3d 916, 918 (Fla. 4th DCA 2012). The evidence in this record is sufficient to at least create a material issue of disputed fact, and therefore the motion is denied on this issue.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's Motion for partial summary judgment (Doc. #117) is **DENIED.**

2. Defendant's Motion to Strike Jury Trial Demand (Doc. #116) is **DENIED AS MOOT.**

3. Defendant's Motion for Judicial Notice of Lyle Preest's Death Certificate (Doc. # 136) is **GRANTED**.

4. Defendant's Motion for Judicial Notice of Foreclosure Pleadings (Doc. #137) is **GRANTED**.

5. Defendant's Motion for Summary Judgment (Doc. #140) is **GRANTED in part and DENIED in part**.  Judgment shall be entered in favor of Santander Bank on Counts I and II of the Fourth Amended Complaint because there is no evidence which can be made admissible as substantive evidence at trial to establish that Santander Bank made a fraudulent misrepresentation.  The motion is otherwise denied.

6. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this __22nd__ day of March, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record